UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WADE BRAYMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-00170-JAW |
| | ) |
| MAJOR RAYMOND PORTER, et al., | ) |
| | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, a pretrial detainee at the Somerset County Jail, filed a complaint in which he alleged interference with his legal mail and access to the law library. (Complaint, ECF No. 1.)[1] Plaintiff has named as defendants five employees of the offices of the sheriffs of Waldo County and Somerset County.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," Plaintiff's complaint is subject to a review "before docketing, if feasible or … as soon as practicable after docketing." 28 U.S.C. §

---

[1] In his complaint, Plaintiff asks that the defendants pay his bail so that he can be released before trial. (Complaint at 3.) If Plaintiff's sole challenge was to the amount or conditions of his bail as part of an attempt to be released before trial, this Court would likely be required to abstain from exercising jurisdiction over his case because Plaintiff can challenge his bail terms in the state court proceeding. *See Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990) (discussing the elements of the abstention doctrine described in *Younger v. Harris*, 401 U.S. 37 (1971)); *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012) ("Courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances"). Plaintiff's filings, however, appear to include a request for an injunction against continued violations or damages for past violations.

1915A(a). In addition, Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff's complaint is also subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff alleges that the named defendants and other jail employees interfered with his ability to access the law library and communicate with his legal representatives between July 2019 and April 2020. Plaintiff maintains that on occasion, jail employees examined his outgoing mail and declined to provide him with envelopes and other materials. Plaintiff also asserts that while he had greater access to some resources such as legal handbooks and the typewriter room, and although he had access to the law library on many occasions, he was denied access to the law library resources on other occasions.

It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  In order to safeguard that right of meaningful access, courts must forego collection of some docket fees, prisoners must be provided with certain materials "to draft legal documents" as well as the ability "to mail them," and prisoners must have access to a law library or other forms of legal assistance "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 824–25.

However, "[t]he constitutionally-protected right of access to the courts is narrow in scope." *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000).  "The right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his conviction and his right to challenge the conditions of his confinement." *Riva v. Brasseur*, No. 15-2554, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016).  Imposed restrictions are not actionable "unless [the] restrictions on access impair [the prisoner's] ability to assert legal challenges," *Dodson v. Reno*, 125 F.3d 841, 1997 WL 563384 at *3 (1st Cir. 1997), which means that a prisoner must show "that a nonfrivolous legal claim has been frustrated or impeded." *Hullum v. Maloney*, 201 F.3d 427, 1999 WL 1338078 at *2 (1st Cir. 1999); *see also*, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . . the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

Here, although Plaintiff has recounted instances in which he did not have access to the law library and instances in which he believes Defendants interfered with his mail, he

4

has not identified any nonfrivolous legal claims that were blocked or impeded.[2] In other words, "[n]othing in the [complaint] indicates that [Plaintiff's] access to the courts has not been adequate or meaningful." *Dupont v. Dubois*, 99 F.3d 1128 (1st Cir. 1996). Plaintiff, therefore, has failed to state a claim against the named defendants.[3]

---

[2] Most of Plaintiff's confrontations with jail employees evidently relate to Plaintiff's attempts to designate his wife as his "attorney-in-fact" and his "client representative" in order to be able to communicate with her using materials and postage provided to inmates at the State's expense. (*See e.g.*, Memorandum ¶ 53, ECF No. 1-1 (describing an attempt to send an Easter card)). Although Plaintiff cites Maine Rule of Evidence 502, which prevents the admission into evidence in state court of certain communications between clients and lawyers, as well as clients and their "client representatives," Plaintiff does not explain how a state evidentiary rule creates a federal constitutional entitlement to unrestricted confidential mail with his spouse at the state's expense while Plaintiff was in custody.

[3] Plaintiff also makes some allegations against individuals other than the named defendants and thus do not present a basis for liability for the named defendants. For instance, in his recitation of experience in the jail, Plaintiff describes a situation in which an "Officer Lueck" made untrue statements about him and as a result, Plaintiff was assaulted by another inmate. (Complaint ¶ 35.) Plaintiff, however, does not allege that any of the named defendants was involved in the incident. In addition, some of the other allegations are not otherwise actionable even if alleged against the named defendants. For example, Plaintiff objects to the way some employees handled many of his grievances. While exhausting the state grievance process may be a necessary step to pursue some claims in court, there is no independent right or entitlement to any particular grievance procedure. *See Ruffin v. Hinkley*, No. 2:17-CV-00151-NT, 2017 WL 2333834, at *5 (D. Me. May 30, 2017) (collecting cases). Accordingly, Plaintiff's allegations regarding the handling of his grievances do not support a claim.

Similarly, Plaintiff asserts that some other officers retaliated against him, but those allegations do not involve the named defendants and fail to state a plausible claim upon which relief may be granted. For example, Plaintiff alleges that some of his mail was destroyed in retaliation for his spouse contacting the Governor and Sheriff Lancaster, (Memorandum ¶ 53), but there are no allegations to suggest those officers even knew of his spouse's activities, and there is only a conclusory allegation of a retaliatory motive, as opposed to destroying the mail because of a violation of mail rules or some other motive. Plaintiff's suspicions are "based wholly on conjecture and speculation", *Riva*, 2016 WL 9650983 at *1, and do not contain sufficient factual content to move the claim "across the line from conceivable to plausible," as is required in order to prevent dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Some of Plaintiff's allegations also relate to claims he presents more directly in another case; those claims and issues will be addressed in a review of the complaint in that case (1:20-cv-00169-JAW).

**CONCLUSION**

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of July, 2020.