UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WADE BRAYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00170-JAW |
| | ) |
| MAJOR RAYMOND PORTER et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On May 13, 2020, Wade Brayman filed a complaint against Major Raymond Porter from the Waldo County Sheriff's Office and four employees of the Somerset County Sheriff's Office alleging that the defendants interfered with his legal mail and access to the law library. *Compl.* (ECF No. 1); *id.*, Attach. 1 (*List of Offenses*). Mr. Brayman filed a motion for leave to proceed in forma pauperis on June 4, 2020, which the Magistrate Judge granted on June 5, 2020. *Appl. to Proceed Without Prepayment of Fees* (ECF No. 4); *Order Granting Mot. for Leave to Proceed in Forma Pauperis* (ECF No. 6). The Magistrate Judge issued a recommended decision on July 7, 2020, concluding the Court should dismiss Mr. Brayman's Complaint. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 9) *(Recommended Decision)*. On July 24, 2020, Mr. Brayman filed an objection to the recommended decision. *Pl.'s Obj. to Recommended Decision* (ECF No. 10) (*Pl.'s Obj.*).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of all

matters adjudicated by the Magistrate Judge's Recommended Decision.  The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determines no further proceeding is necessary.[1]

The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 9).  The Court DISMISSES Wade Brayman's Complaint (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2020

---

[1]  Mr. Brayman asserts that his wife is on his legal team acting as his "Attorney-In-Fact or "Legally Assigned Client Representative" and so the defendants interfered with his legal mail.  *List of Offenses* ¶¶ 23, 26, 28; *see also Pl.'s Obj.* at 3.  However, his wife cannot legally represent Mr. Brayman because as a non-lawyer she may only represent herself, not her husband.  *Austin v. Dexter*, 552 F. Supp. 2d 38, 39 (D. Me. 2008) ("[The plaintiffs] cannot now press this action on behalf of their children as they are not licensed attorneys"); *Barnard v. Maine*, No. 1:16-cv-00276-JAW, 2017 WL 3477740, at *1 (D. Me. Aug. 14, 2017) (affirming the dismissal of claims asserted on behalf of the plaintiff's wife "because [the plaintiff] may not act as his wife's attorney").